WOODALL, Justice
(concurring specially).
I concur in the main opinion, but I write to clarify that Kenneth Stringfellow, in both the trial court and this Court, has adequately argued that Ex parte Rush, 730 So.2d 1175 (Ala.1999), supports his claim that his status as an employee of Joe Hudson Collision Center allows him to enforce the arbitration agreement. As noted in the main opinion, Dymond’s objections to the motions to compel arbitration did not include any challenge to Stringfellow’s standing to enforce the arbitration agreement, and Dymond has filed no brief in this Court. Therefore, I question whether it is necessary for this Court to address the issue of Stringfellow’s standing to enforce that agreement. However, I certainly agree that, under the facts of this case, he had standing to do so.
COBB, C.J., and LYONS, J., concur.